**IN THE US DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

| | |
|---|---|
| RICARDO MONDESIR and : <br> DESHNY DOR (h/w) : <br> 627 Summit Point Drive, Apt. R301 : <br> Orlando, FL 32818 : <br>       Plaintiffs : <br>   v. : <br> : <br> JORDAN CLARK : <br> 1524 Walnut Street : <br> Woodbridge, VA 22191 : <br> : <br>   and : <br> : <br> PULLEN MOVING COMPANY, INC., c/o : <br> Compton & Duling, Agent for Service : <br> Parkway East at County Center : <br> 12701 Marblestone Drive, Suite 350 : <br> Prince William, VA 22192 : <br>       Defendants. : | Civil Action No. 3:23-cv-214 <br><br> JURY TRIAL DEMANDED |

## Civil Action Complaint

1. Plaintiff, Ricardo Mondesir (hereinafter referred to as "Plaintiff"), is an adult individual who resides at the above referenced address in the State of Florida.

2. Plaintiff, Destiny Dor (hereinafter referred to as "Plaintiff Spouse"), is an adult individual who resides at the above referenced address in the State of Florida.

3. At all times relevant to this action, Plaintiff Ricardo Mondesir and Plaintiff, Destiny Dor (hereinafter referred to as "Plaintiffs") were and continued to be lawfully married.

4. Defendant, Clark Jordan (hereinafter referred to as "Defendant Driver"), is an adult individual who resides at the above referenced address in the Commonwealth of Virginia.

5. Defendant, Pullen Moving Company, Inc., (hereinafter referred to as "Defendant Owner" and, collectively with Defendant Driver, as "Defendants"), is a Virginia business

corporation with a registered agent for service at the above referenced address in the Commonwealth of Virginia.

6. At all times relevant to this action, Defendant Owner conducted and continues to conduct a regular and substantial course of business in Pennsylvania.

7. Plaintiffs are not from the same state as any Defendant, and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

8. On or about September 5, 2022, at approximately 5:22 p.m., Plaintiff was operating a 2019 Freightliner (hereinafter referred to as "Plaintiff's Vehicle") traveling in the right travel lane of Interstate 76 West / the Pennsylvania Turnpike near mile post 138.1 in Napier Township, Bedford County, Pennsylvania.

9. At the aforesaid time and location, Defendant Driver was the operator of a 2006 Freightliner (hereinafter referred to as "Defendants' Vehicle") traveling in the left travel lane of Interstate 76 West / the Pennsylvania Turnpike in Napier Township, adjacent to Plaintiff's Vehicle, when, suddenly and without warning, Defendant Driver commenced a lane change into the right travel lane without clearance, striking the rear of Plaintiff's Vehicle with Defendants' Vehicle and causing Plaintiff to lose control of Plaintiff's Vehicle, resulting in a crash (hereinafter referred to as the "Crash").

10. At all times relevant to the Crash, and upon information and belief, Defendants' Vehicle was registered to and owned by Defendant Owner, and Defendant Driver was operating Defendants' Vehicle with Defendant Owner's permission.

11. At all times relevant hereto, and upon information and belief, Defendant Driver was operating Defendants' Vehicle in the course and scope of his employment, agency, and/or authority with Defendant Owner.

12. The Crash was caused solely as a result of the individual, joint, and/or several negligence and carelessness of Defendants, as set forth more fully herein.

13. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness and the Crash, Plaintiff's Vehicle sustained damage and Plaintiff has suffered suffer severe, permanent, and debilitating personal injuries.

14. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness and the Crash, Plaintiff has suffered and may in the future continue to suffer bodily injuries, severe pain, anxiety, depression, emotional distress, humiliation, loss of pleasures and enjoyment of life; and/or a serious impairment of one or more bodily functions.

15. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments.

16. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure himself of his injuries, to his ongoing detriment and financial loss.

17. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of his earning capacity, to his ongoing detriment and loss.

18. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help, to his ongoing detriment and financial loss.

19. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to his ongoing detriment and loss.

20. Plaintiff in no manner contributed to the Crash or his injuries, which directly and proximately resulted from Defendants' individual, joint, and/or several negligence and carelessness.

## COUNT I
## NEGLIGENCE
### Ricardo Mondesir v. Jordan Clark

21. Plaintiff incorporates herein by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

22. The individual, joint, and/or several negligence and carelessness of Defendant Driver included:

   a. Operating Defendants' Vehicle in such a manner as to cause the Crash, specifically by changing lanes when it was unsafe to do so;

   b. Operating Defendants' Vehicle in such a manner as to cause the Crash, specifically by failing to maintain an assured clear distance ahead;

   c. Operating Defendants' Vehicle in such a manner as to cause the Crash, specifically by leaving the roadway and causing Plaintiff's Vehicle to leave the roadway;

   d. Operating Defendants' Vehicle at an excessive rate of speed for the traffic and/or weather conditions;

   e. Operating Defendants' Vehicle without due regard for the rights, safety, wellbeing and position of Plaintiff under the aforesaid circumstances;

   f. Failing to be alert, aware and attentive to surrounding traffic conditions;

g. Failing to take evasive action in order to avoid the Crash;

h. Failing to properly inspect, maintain, and/or repair Defendants' Vehicle a manner to permit safe operation;

i. Failing to maintain proper speed prior to the Crash;

j. Operating Defendants' Vehicle while distracted and/or otherwise unable to see clearly or to judge distances in a reasonable and ordinary fashion;

k. Failing to yield the right of way to a vehicle, Plaintiff's Vehicle, with the superior right of way;

l. Failing to keep a proper lookout for other vehicles lawfully upon the road;

m. Operating Defendants' Vehicle in violation of 75 Pa.C.S. § 3309(1), Driving within a single lane;

n. Operating Defendants' Vehicle in violation of 75 Pa.C.S. § 3310(a), Following too closely;

o. Operating Defendants' Vehicle in violation of 75 Pa.C.S. § 3334, Turning movements and required signals;

p. Operating Defendants' Vehicle in violation of 75 Pa.C.S. § 3361, Driving vehicle at safe speeds; and,

q. Operating Defendants' Vehicle in violation of 75 Pa.C.S. § 3714(a), Careless driving.

WHEREFORE, Plaintiff Ricardo Mondesir demands judgment in his favor and against Defendant Driver Jordan Clark individually, jointly and/or severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars and such further relief as this Honorable Court may deem appropriate.

## COUNT II
## NEGLIGENCE
## Ricardo Mondesir vs. Pullen Moving Company, Inc.

23. Plaintiff incorporates herein by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

24. The individual, joint and several negligence and carelessness of Defendant Owner included:

   a. Failing to properly inspect, maintain, and/or repair Defendants' Vehicle in a manner to permit safe operation when turning, steering and stopping;

   b. Entrusting Defendants' Vehicle to Defendant Driver's care, custody and operation; and,

   c. Failing to take reasonable precautions to prevent Defendant Driver from operating Defendants' Vehicle at a time when Defendant Driver was incapable of operating said vehicle safely and with due and proper care for other motorists.

WHEREFORE, Plaintiff Ricardo Mondesir demands judgment in his favor and against Defendant Owner Pullen Moving Company, Inc. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with such further relief as this Honorable Court may deem appropriate.

### COUNT III
### NEGLIGENCE – VICARIOUS LIABILITY
### Ricardo Mondesir vs. Pullen Moving Company, Inc.

25. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

26. At all times relevant hereto, and upon information and belief, Defendant Driver was in the course and scope of employment, agency, and/or authority with Defendant Owner.

27. Upon information and belief, at no time relevant hereto did Defendant Driver commit, engage, and/or partake in a "frolic and detour" from the appointed and/or assigned route, destination, and/or mission on behalf of Defendant Owner.

28. For all acts and omissions and violations of state and federal laws for which Defendant Driver is liable, Defendant Owner is vicariously liable for such acts and omissions as employer, principal and/or master.

WHEREFORE, Plaintiff, Ricardo Mondesir demands judgment in his favor and against Defendant Owner Pullen Moving Company, Inc. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, with such further relief as this Honorable Court may deem appropriate.

### COUNT IV
### LOSS OF CONSORTIUM
### Destiny Dor v. All Defendants

29. Plaintiff Spouse incorporates herein by reference the averments in the proceeding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

30. As a direct and proximate result of Defendants' negligence and carelessness, the Crash, and Plaintiff's resulting injuries. Plaintiff Spouse suffered and may in the future suffer the loss of aid, assistance, and comfort of her spouse.

31. As a direct and proximate result of Defendants' negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiff Spouse has expended and my in the future expend specific time, care and/or treatment to her spouse.

WHEREFORE, Plaintiff Spouse demands judgment in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Dated: 9/12/2023    By: /s/ Ryan F. Michaleski
Ryan F. Michaleski, Esq.
Attorney ID No. 203923
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610)279-7000
rmichaleski@ostrofflaw.com

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Ricardo Mondesir
Plaintiff

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

*[signature]*
_____
Deshny Dor
Plaintiff Spouse